## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

HOLLY BECK
35 Diamond Drive
Newtown, PA  18940

                    Plaintiff,

     vs.

BUCKS COUNTY COMMUNITY COLLEGE
275 Swamp Road
Newtown, PA  18940

                    Defendant.

Civil Action No. 26-3223

## COMPLAINT

## Jury Trial Demanded

Plaintiff, Holly Beck ("Beck" or "Plaintiff") claims of the Defendant Bucks County Community College (hereinafter "BCCC" or "Defendant") an amount in excess of $150,000 ($150,000.00) in damages upon a cause of action whereof the following is a statement:

## INTRODUCTION

1.     This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff, to redress intentional violations by Defendant of rights secured to her by the applicable provisions of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000 *et seq.* ("Title VII"), the Age Discrimination In Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *"et seq.* ("PHRA").

## JURISDICTION

2.     Jurisdiction is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §626(c) and 42

U.S.C. §2000(e) *et seq.*, all of which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes

3.     This Court has supplemental jurisdiction over the Plaintiff's claims arising under statutes of the Commonwealth of Pennsylvania pursuant to 28 U.S.C. §1367.

4.     Pursuant to Rule 5.1.1 of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, Plaintiffs aver only that the amount in controversy exceeds the jurisdictional amount of One Hundred Fifty Thousand Dollars ($150,000) exclusive of interest and costs.

5.     All necessary and appropriate administrative prerequisites to the filing of this action have occurred.

6.     On February 27, 2025, Plaintiff filed a timely administrative complaint with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), which was docketed at 530-2025-03169, alleging sex and age discrimination in employment.

7.     Thereafter, the EEOC issued a Notice Of Right To Sue to Plaintiff on February 12, 2026.

### VENUE

8.     All actions complained of herein occurred within the jurisdiction of this Court and involve a Defendant that regularly does business within its jurisdictional limits.

10.     Accordingly, venue is properly invoked pursuant to the dictates of 28 U.S.C. §§1391(b) and 1391(c).

## THE PARTIES

11.     Plaintiff is a seventy-five-year-old (DOB: 12/25/49) professional female.

12.     At all relevant times, Plaintiff was an older female worker entitled to the full protections provided to female employees and employees over the age of 40 years pursuant to Title VII, ADEA, and PHRA.

13.     Defendant is a public community college located in Bucks County, Pennsylvania with three campuses that offers associate degrees and certificate programs.

14.     At all times relevant hereto, Michael Reil ("Reil") was employed by Defendant as the Executive Consultant for its Corporate College and Customized Training and oversees that department.

15.     At all relevant times, Dr. Jill A. Blanco ("Blanco") was employed by Defendant as its Chief Human Resource Manager.

16.     At all relevant times, Plaintiff was an "employee" of the Defendant as that term is defined in Title VII, the ADEA and the PHRA.

17.     At all relevant times, Defendant was the "employer" of Plaintiff as that term is defined in Title VII, the ADEA and the PHRA.

18.     At all relevant times, Defendant employed managers, supervisors, agents and employees including Reil and Blanco who had the authority to make decisions concerning Plaintiff's employment and acted directly or indirectly in the interest of Defendant.

## FACTUAL ALLEGATIONS

19.     Plaintiff hereby repeats and incorporates all of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

20.     Plaintiff was employed by Defendant for twenty-one years and at the time of her

termination had served as Coordinator, Special Projects for over sixteen years.

21.     At all times during her twenty-one years of employment, Plaintiff was qualified for her position, performed her job duties in a satisfactory manner and was never the subject of any workplace discipline.

22.     On August 26, 2024, Reil and Blanco called Plaintiff into a meeting to advise that her position was being eliminated and provided her with the following options: (i) accept a newly created position with a twenty-five thousand dollar ($25,000.00) reduction in salary and reduction in grade level, or (ii) retire and leave the College.

23.     The newly created position was described as splitting her existing duties whereby she would provide administrative support to both the Customized Training Department where she currently was employed and to the Workforce Development Department.

24.     Because Plaintiff did not want to leave the College where she had been successfully employed for the past twenty-one years and had no intention of retiring, Plaintiff advised that she was willing to accept the new position and forwarded a list of questions to Blanco seeking further clarification regarding her salary, grade level and duties.

25.     Plaintiff thereafter met with Blanco and Reil on September 10, 2024 to discuss the new position.

26.     Other than telling Plaintiff that it would be a Classified position even though the job description listed it as an Administrative position, Blanco and Reil were not prepared to answer her questions.

27.     Additionally, on September 16, 2024, Plaintiff was also told that for the first time that her position was going to be temporary even though she was led to believe that it was a permanent position and the temporary nature of the role was never disclosed during the two

meetings she had with Reil and Blanco.

28. Confirming that Defendant was intending to force Plaintiff out due to her status as an older female and that Defendant was not really eliminating Plaintiff's position, Defendant advertised a newly created position titled Program Manager-Service Delivery which set forth essentially the same duties that Plaintiff was performing.

29. At the time all these events were transpiring, Plaintiff advised Defendant that she was implementing her due process rights under the Defendant's Conflict Resolution Procedure provided to Administrative Employees and advised Defendant during the Step 2 meeting that their first meeting constituted the Step 1 meeting.

30. Because the Step 2 meeting was unsuccessful, on September 20, 2024, Plaintiff requested to proceed to a Step 3 meeting which request was not granted

31. Instead, on October 4, 2024, Plaintiff was arbitrarily terminated from her position and never placed into the new position.

32. Upon information and belief, Plaintiff was subsequently replaced by a younger male.

33. Based on the above, Plaintiff believes she was subjected to discriminatory treatment and terminated from employment based upon her gender and age.

34. The actions of Defendant as aforesaid in establishing and maintaining discriminatory employment practices against Plaintiff constitute unlawful violations of the provisions of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., Title VII of the Civil Rights Act of 1964 as amended, and the Pennsylvania Human Relations Act.

35. Based on the above unlawful discrimination by Defendant, Plaintiff has suffered and will continue to suffer economic losses and significant emotional damages.

## COUNT I

### Title VII of the Civil Rights Act of 1964 and 1991 as amended
### (Sex Discrimination)

36.     Plaintiff hereby repeats and incorporates all of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

37.     By and through the actions described above, Defendant discriminated against Plaintiff on the basis of her sex (gender) in violation of Title VII.

38.     The Defendant, by and through its agents, has treated the Plaintiff in a manner that differs from the manner in which male employees are treated and discriminatorily terminated Plaintiff's employment based upon her sex (gender) while replacing Plaintiff with a male employee.

39.     As a result of the Defendant's discrimination against Plaintiff based upon her sex and gender, Plaintiff has suffered and will continue to suffer damages including economic losses.

40.     As a further result of the Defendant's discrimination against Plaintiff based on her sex (gender), Plaintiff has suffered and will continue to suffer severe emotional and psychological harm, stress, humiliation, and mental anguish.

## COUNT II

### Violations Of The Age Discrimination In Employment Act
### (Age Discrimination)

41.     Plaintiff hereby repeats and incorporates the foregoing allegations made in this Complaint as if fully set forth herein.

42.     Defendant, by and through its agents, servants and employees, has discriminated against Plaintiff on account of her age and terminated her employment while replacing her with a younger employee.

6

43.     As a result of the Defendant's discrimination against Plaintiff based on her age, Plaintiff has suffered and will continue to suffer damages including economic losses.

44.     As a further result of the Defendant's discrimination against Plaintiff based on her age, Plaintiff has suffered and will continue to suffer severe emotional and psychological harm, stress, humiliation, and mental anguish.

## COUNT III

### Violations Of The Pennsylvania Human Relations Act
### (Sex And Age Discrimination)

45.     Plaintiff repeats and incorporates by reference the foregoing allegations made in this Complaint as if fully set forth herein.

46.     The aforesaid acts of the Defendant in discriminating against Plaintiff on account of her sex (gender) and age constitute violations of the Pennsylvania Human Relations Act, 42 Pa. C.S. §951 *et seq*.

### PRAYER FOR RELIEF

**WHEREFORE**, based on the aforesaid conduct, Plaintiff respectfully requests that this Court:

a)     Enter a declaratory judgment that the actions of Defendant violated the rights of Plaintiff as secured to her by the aforementioned federal and state statutes;

b)     Reinstate Plaintiff to a position equivalent to that which she held at the time of her termination, together with appropriate promotions and raises;

c)     Award to Plaintiff past damages and future damages for loss of income, growth opportunities and all benefits denied to her due to the improper and unlawful actions of Defendant;

d)     Award to Plaintiff damages and compensation for her emotional distress,

humiliation, and loss of life's pleasures suffered by Plaintiff for the discrimination against her;

e)      Grant to Plaintiff liquidated damages as allowed pursuant to the Age Discrimination in Employment Act;

f)      Grant the Plaintiff punitive damages as allowed by Title VII;

g)      Grants to Plaintiff costs and expenses of this action and reasonable attorney fees as provided by applicable federal and state law and

h.)     Grant to Plaintiff such additional relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

**SPECTOR GADON & ROSEN, PC**


BY: /s/ *Jennifer M. Chalal*

Alan B. Epstein, Esquire
Jennifer Myers Chalal, Esquire
PA Attorney I.D. Nos. 02346/77841
One Logan Square, Suite 1800
130 N. 18th Street
Philadelphia, PA  19103
(215) 241-8832 / (215) 241-8817
aepstein@sgrvlaw.com
jmyers@sgrvlaw.comer
*Attorneys for Plaintiff Holly Beck*

Date:  May 12, 2026